Catron, Ch. J.
delivered the opinion of the court.
The statute of 1777, ch. 23, sec. 10, requires a miller to grind in turn, and if he failed to grind according to turn, for every such offence he shall forfeit and pay three dollars to the party injured; to be recovered before any justice of the county wherein such offence is committed,with costs.
The circuit court on motion quashed the warrant, because it was holden not to conform to the statute, or con-elude against it.
In proceedings before justices against millers, the sta-- *441 tute gives an action of debt for the penalty, in which no further description of the offence is necessary in the warrant, than to notify the defendant in a plain and sensible manner, why he is sued, so that he may bring proof to defend himself. In these causes there is no pleading; the_ warrant is a mere notice to appear before the justice and there go to trial viva voce, when the plaintiff must prove his cause of action, giving the justice jurisdiction, and authorising a recovery: but if the warrant gives no notice of the cause of action, it will be quashed, unless amended, because the plaintiff might have given in evidence, not that his grist was ground out of turn, but an account for goods sold, work and labor, or any other matter: or before the justice, one cause of action might be given in evidence, and if insufficient, and judgment went for the defendant, the plaintiff might appeal and in court set up a different demand, and recover the debt, and all costs.. Did the warrant, therefore, give notice to the defendant Lee, of the cause of complaint; so that he might come prepared to make his defence: and second, did it preclude the plaintiff from harassing the defendant with any cause of action he might elect to rely upon at the trial? If so, it was'error to quash the warrant. We think, in these respects, it was sufficiently explicit to authorize a trial on the merits of the claim, and' that the judgment must be reversed, and the cause remanded for a trial to be had before the circuit court.
Judgment reversed.